THE NORTHAMPTON MUTUAL LIVE STOCK INSURANCE COMPANY v. SAMUEL J. STEWART.

Where the by-laws of the plaintiff, a mutual insurance company, provided for public notice, in two newspapers, of the assessment by the company upon its members, and required payment to be made of such assessments within sixty days after such notice—*held* necessary, in order to maintain suit against a member, to aver and prove publication of such notice, and that the specified time has elapsed. when the action brought.

In error to the Supreme Court.

For opinion of Supreme Court, see 9 *Vroom* 436.

Northampton Mutual Live Stock Insurance Co. v. Stewart.

For the plaintiff in error, *J. F. Dumont* and *J. G. Shipman*.

For the defendant, *B. C. Frost*.

The opinion of the court was delivered by

KNAPP, J. The plaintiff in error, a corporation of the state of Pennsylvania, brought suit against the defendant in a court for the trial of small causes in the county of Warren, and demanded to be paid a certain sum of money, assessed by the company against the defendant, upon a policy held by him and issued by the company, insuring live stock. This tax or assessment, a portion of which was claimed from the defendant, was levied upon the policy-holders for the purpose of paying losses which the company alleged had been incurred during the existence of the policies so assessed.

The plaintiff had judgment for the amount of its demand against the defendant. The defendant appealed from that judgment to the Court of Common Pleas of Warren county, and, upon the trial of the cause upon appeal, plaintiff again had judgment. The cause was then removed into the Supreme Court, on *certiorari*, and, upon review there, the judgment of the Common Pleas was reversed.

An examination of the record brought up by the writ of error, shows that there exists an insuperable difficulty in the way of the plaintiff's maintenance of the present action—one that underlies those reasons upon which the judgment of the Supreme Court was rested.

The plaintiff is a *mutual* insurance company. Its scheme of organization draws each holder of its policies into its society as a member thereof. This suit is instituted against the defendant as a member of the corporation; as such, he is subject to its constitution and bound by all its by-laws and proper corporate regulations, which he is presumed to know and understand, and required to conform to. *Angell & Ames on Corp.*, § 10; *Belleville Mutual Ins. Co. v. Van Winkle*, 1 *Beas.* 333. And he is entitled, in his relations to the company, to whatever aid and protection they provide for him.

In determining the rights of the parties, the policy, with its annexed conditions, is not the only source whence a knowledge thereof is to be had : terms in the charter or by-laws may modify, explain or enlarge its meaning, and, when such is the case, resort must be had to them.

The application for insurance signed by the defendant, and upon which the policy was issued to him, contains an agreement on his part to pay all taxes that may be levied for the purpose of paying losses.

How and when such tax is to be levied is provided for in the thirteenth article of the company's by-laws, as follows : " If the funds on hand be insufficient to pay all losses, the directors shall, by resolution, levy a tax on the members of the company,  *  *  on the amount insured, and they shall publish such levying in two newspapers of the county, and all persons insured at the time of such levying of tax shall pay his amount of tax to the treasurer, or his order, within sixty days from the day of such public notice."   And in the fourteenth article of the by-laws, it is provided that if any member " shall neglect or refuse to pay his tax for sixty days from the day public notice shall be given, the company may sue for and recover the same, with interest and costs of suit."

Here was a self-imposed limitation upon the right of the company to sue a defaulting member.  By its terms, he could not be put out of membership, or be liable to an action for his assessment, until he had been in default for sixty days after publication of the tax-levy in two newspapers. Whatever right the plaintiff may have to be paid the assessment against the defendant on his policy, it is clear that the company has brought its suit against him prematurely. There is nothing in the case to show that such publication was ever made by the company.  The demand contains no allegation, and the evidence fails to show, that such public notice was given at any time before suit was instituted.

The fact that personal notice of the assessment was served by the company upon the defendant, is not a sufficient answer to his objection.

It is probably true that personal notice to him served to apprise him of the fact of a levy better than the public notice would have done; but the sixty days of grace given to. the defendant was not to be computed from the time when personal notice should be given him, but from the giving of public notice—an event equally within the company's control, and adopted in its law as the common signal to all its members, that its resolution to tax them would be enforced, and the appointed notice of the time when payment must be made. It would be an unfair surprise on the defendant to permit the plaintiff to maintain a suit brought in disregard of this regulation. It can be no injustice to the plaintiff to hold it bound to the observance of rules which, of its own volition, it has enacted for its guidance in dealing with its members.

The point here raised, although not referred to in the opinion of the Supreme Court as one of the grounds upon which it reversed the judgment below, is embraced in the reasons presented by the plaintiff in *certiorari*, upon which the reversal was asked. And, without looking at any other of those reasons, or at the other questions discussed here, I shall, for the single ground above given, vote to affirm the judgment of the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, DIXON, KNAPP, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, GREEN, LILLY. 10.

*For reversal*—None.